IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON THOMPSON, ) | Civil Action No. 7:16cv00196 |
|     Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | By: Norman K. Moon |
| U.S. BUREAU OF PRISONS, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

Plaintiff Jason Thompson, a federal inmate proceeding *pro se*, filed a civil action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in the United States District Court for the District of Columbia in June, 2015 while he was housed at the United States Penitentiary ("USP") in Lee County, VA.[1] On April 4, 2016, the DC District Court determined that Thompson's complaint was not properly filed under *Bivens* and granted defendants' motion to dismiss in part. *See* Docket No. 25. On April 26, 2016, the DC District Court transferred the action to this court for a determination as to whether his complaint should be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having reviewed the record, I will construe Thompson's pleading as a § 2241 habeas petition and dismiss it.

In his original pleading, Thompson alleges that the defendants, all Federal Bureau of Prisons personnel located in Washington, DC, Atlanta, GA, and Annapolis Junction, MD, violated his due process rights concerning two disciplinary convictions and the subsequent appeals which occurred while Thompson was housed at the Federal Correctional Institution in Bennettsville, SC. Thompson seeks reimbursement of the $350.00 filing fee, $25,000.00 in punitive damages, and expungment of his disciplinary convictions. Inasmuch as: 1) the DC

---

[1] Thompson was transferred to the USP in Lompoc, CA while his case was pending in the DC District Court.

District Court has already determined that Thompson's case is not properly brought as a *Bivens* action and has transferred the action to this court, 2) I have no personal jurisdiction over the defendants in a *Bivens* action, and 3) at least part of this action could be construed as a § 2241 action, I will construe Thompson's pleading as a § 2241 habeas petition. However, I have already adjudicated a § 2241 action filed by Thompson which challenges the same disciplinary convictions for refusing a breathalyzer and threatening another with bodily harm, *see Thompson v. Zych*, 7:15cv444 (W.D. Va. Aug. 29, 2016), and, therefore, for the reasons stated in my opinion in that case, I will dismiss this action.[2]

      **ENTER**: This  31st  day of October, 2016.

                                                NORMAN K. MOON
                                                UNITED STATES DISTRICT JUDGE

---

[2] I note that by construing Thompson's pleading as a § 2241 petition and dismissing it, I am not concluding that Thompson has no colorable *Bivens* claim; however, if Thompson wishes to pursue a *Bivens* claim that has not already been adjudicated, he must file any such action in the appropriate court.